Eric Potter
M.C.C.I.
1 Waterworks Road
Freehold, N.J. 07728

United States District Court
For the District of New Jersey
Vicinage of Trenton New Jersey

Eric Potter
PLAINTIFF

V.

William J. Fraser
WARDEN

Lt. Baker
Sgt. Jones
Officer Ieif
Officer Berringer
Officer Pimentel
Officer Hasslebauer
Officer Hislip
Dr. Awad

Case No.

RECEIVED

AUG 1 6 2010

AT 8:30_____M
WILLIAM T. WALSH
CLERK

Civil Rights Complaint
With a Jury Demand

This is a 1983 Action Filed by Eric Potter an Inmate

at the Monmouth County Jail in Freehold N.J. alleging that while being confined there are numerous violations of his Constitutional Rights being violated. The Plaintiff is seeking money damages, a declaratory judgment, an injuction and the request of a jury trial.

## Jurisdiction

1. This is a Civil Rights Action under 42 U.S.C. 1983. This Court has Jurisdiction under 28 U.S.C. 1343. Plaintiff also invokes the pendent jurisdiction of this Court.

## Parties

2. Plaintiff Eric Potter is an inmate incarcerated at the Monmouth County Jail in Freehold New Jersey awaiting to go to trial.

3. Defendant William J. Fraser is the Warden at the Monmouth County Jail and is responsible for the operation and managment of the County Jail. He is also ultimately responsible for the training and supervision of the correctional personnel employed at the County Jail. He is sued in his individual and his offical capacities.

4. Defendant W. Baker is the disignated officer assigned to receive and process inmate greivances. He is an employee at the County Jail and is an agent

OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVDUAL AND OFFICAL CAPACITIES.

5. DEFENDANT SGT JONES IS A CORRECTION OFFICER EMPLOYED AT THE COUNTY JAIL HE IS RESPONSIBLE FOR THE SUPERVISION OF OFFICERS THAT WORKS IN THE AREA THAT HE IS ASSIGNED TO. HE IS AN AGENT OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVDUAL AND OFFICAL CAPACITIES.

6. DEFENDANT OFFICER IEIF IS AN CORRECTION OFFICER AT THE COUNTY JAIL AND IS ASSIGNED TO INTERNAL AFFAIRS GANG UNIT DEPT. HE IS RESPONSIBLE FOR THE SUPERVISION OF THE SPECIAL SEARCH TEAM EMPLOYED BY THE MONMOUTH COUNTY SHERRIFFS DEPT. HE IS AN AGENT OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVDUAL AND OFFICIAL CAPACITIES.

7. DEFENDANT BERRINGER IS AN CORRECTION OFFICER AT THE MONMOUTH COUNTY JAIL. HE IS AN ROVING OFFICER THAT IS ON GENERAL ASSIGNMENTS. HE IS AN AGENT OF DEFENDANT FRASER AND IS BEING SUED IN HIS INDIVIDUAL AND HIS OFFICIAL CAPACITIES.

8. DEFENDANT PIHENIEL IS AN CORRECTION OFFICER AT THE COUNTY JAIL HE IS ASSIGNED TO THE HOSPITAL INFIRMARY. HE IS RESPONSIBLE FOR THE FEEDING AND CLEANING OF INMATES THAT ARE ADMITTED TO THE INFIRMARY HOSPITAL. HE IS AN

AGENT OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVIDUAL AND HIS OFFICIAL CAPACITIES.

9. DEFENDANT HASSLEBAUER IS AN CORRECTION OFFICER EMPLOYED AT THE COUNTY JAIL. HE IS ASSIGNED TO THE LAW LIBRARY. HE IS RESPONSIBLE FOR THE RUNNING AND THE OPERATION OF THE LAW LIBRARY. HE IS AN AGENT OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVDUAL AND HIS OFFICIAL CAPACITIES.

10. DEFENDANT HISLIP IS AN CORRECTION OFFICER EMPLOYED AT THE MONMOUTH COUNTY JAIL. HE IS ASSIGNED TO 1-2 FROM 6 A.M. TO 2 P.M. HE IS RESPONSIBLE FOR THE SUPERVISION OF INMATES HOUSED ON THAT POD. HE IS AN AGENT OF DEFENDANT FRASER. HE IS BEING SUED IN HIS INDIVDUAL AND HIS OFFICIAL CAPACITIES.

11. DEFENDANT DR. AWAD IS A MEMBER OF THE MEDICAL STAFF AT THE MONMOUTH COUNTY JAIL ASSIGNED BY THE OR THROUGH CORRECTIONAL CARE SERVICES. HE IS RESPONSIBLE FOR THE MEDICAL CARE AND TREATMENT AS WELL AS THE DIAGNOSIS OF MEDICAL PROBLEMS OF INMATES. HE IS BEING SUED IN HIS INDIVDUAL AND HIS OFFICIAL CAPACITIES.

12. ALL DEFENDANTS ACTED UNDER "COLOR OF LAW" DURING ALL TIMES RELEVANT TO THIS COMPLAINT.

## FACTS

13. Plaintiff Eric Potter was booked into the County Jail on April 27, 2010 where inmate was downstairs in the booking area for almost 10 hours. A process that shouldn't take that long. An inmate can be booked in and changed clothes in 1 hour. There are multiple officers assigned to this area that do nothing but walk around and watch T.V. The holding cells are filthy and unsanitary. Old bread and sandwiches are thrown on the floor by inmates who were previously inside the holding areas. The toilets are so dirty that inmates only use them to urinate in them. Plaintiff filed a grievance that was responded to by W. Baker that stated that this area was cleaned on a regular basis. The Plaintiff appealed this decision to the Warden. But never received a response. The Plaintiff 3 weeks later went on a court trip and the conditions were the same. The Plaintiff filed another grievance but this one was never answered.

14. On April 28, 2010 the Plaintiff was seen by Dr. Awad and explained to the doctor that he didn't have an appetite due to symptoms of Hepititus-C and that he was going through withdrawls and that he had lost over 30 pounds in a matter of months. The Doctor stated that the Jail no longer prescribe any medication for inmates who are going through withdrawl. The Plaintiff then stated

That he wished that he was dead. For this statement the Plaintiff was placed in the Infirmary that was set up as a dormitory with only 3 beds. But there were already 5 inmates assigned to this area. 2 inmates were sleeping on the floor. The Plaintiff placed his mattress by the door because the only area left was between 2 toilets. The Plaintiff was then told by Officer Pimentel that he could not sleep by the door. And that he had to move his mattress. The Plaintiff put the mattress in the only available place and woke up only to find another inmate urinating over his head. The Plaintiff and other inmates expressed to the officers working this area that the place was filthy and unsanitary and that the toilet was unfit to use. Although that they do pay other inmates from the work pod to come clean up and feed the inmates. The Plaintiff and the inmates sleeping in the Infirmary cleaned the room themselves. This grievance complaint was on the same grievance form that was submitted in reference to the booking area complaint. However Lt. Baker never addressed the Infirmary issue. Which was also appealed to the Warden with no response. On April 29, 2010. Dr. Awad ordered blood work to be taken from the Plaintiff however no blood work was taken until late July 2010. The Plaintiff then told Dr. Awad that he would like to be treated for Hepatitus-C. But the Doctor told the Plaintiff

6.

That due to the cost and length of time for treatment that the jail doesn't treat inmates for Hepatitus-C although the plaintiff could be here for up to 2 years.

15. On May 18, 2010 which was a Tuesday and the scheduled day for L-2 the pod that the plaintiff is assigned to, to go to the law library. Each pod is only allowed 50 minutes a week in the law library. Some inmates are allowed to be in the law library all day all week. It is up to the officer namely Officer Hasslebauer. On this date the plaintiff went to the law library because the plaintiff received a court order from United States Magistrate Judge Mark Falk in Newark N.J., to file documents by May 25, 2010. Which would be impossible if I dont finish it that day. Because my next date to be in the law library was May 25, the deadline. I then asked Officer Hasslebauer to allow me more time in the law library because I had a deadline to meet. He asked me to show him the court order which I did. He then asked me to let him see the rest of the order which I didnt have to. This was legal mail that he asked me to let him read even after I showed him the court order. After reading the rest of the order, Officer Hasslebauer stated that because it was a civil case he could not allow me additional time in the law library when in fact he had another inmate working on a civil case out of the same court in

7.

Newark that I was helping with his case. I had to go back to my pod and write the documents by hand that one night to meet the deadline. The documents was 11 pages. When I filed a grievance as to this matter Lt. Baker responded that because it was a civil case I was not allowed additional time. An appeal to the Warden was never responded to.

16. On May 23, 2010 the regular 6 A.M. to 2 P.M. Officer Hislip along with Sgt. Jones and Officer Berringer staged a fire drill to conduct an unreasonable search at 6 A.M. The first floor was evacuated while the other 2 floors remained locked in while the first floor was being searched. While in the yard the Plaintiff told the other inmates that there isn't no fire drill and that they should file a grievance because the teir was being targeted because they believed that there were alleged gang members on the teir. Officer Berringer heard the Plaintiff make this statement and when the Plaintiff was placed back in his cell Officer Berringer came to the Plaintiffs cell and told him to give the Officer his T-shirt the Officer threw the T-shirt in the garbage. When the Plaintiff asked Sgt. Jones for a confiscation slip and to place his T-shirt in his personal property Officer Jones stated No. It is in the trash.

The Plaintiff asserts that this was done in retaliation for telling other inmates to file grievance forms concerning this matter. When the Plaintiff filed a grievance concerning this matter K. Baker responded that the officers stated that the T-shirt was altered when in fact it wasn't. It was a personal T-shirt that the Plaintiff came in the jail with. If it was altered it should have been taken when the Plaintiff was booked into the Jail. An appeal to the Warden was not responded to.

17. On 6-14-2010 Sgt. Jones and Officer Teif from the Gang Unit along with the Special Search Team who dressed in all black including black helmets with black sun visors to shield their identity. They also wore black jackets with no name tags. These officers entered the tier at 1. P.M. The water was shut off for at least 10 hours. These officers searched the unit and during the time that my cell 105 was searched these officers trashed the cell throwing legal work all around the room. My roomates Bible was thrown on the floor and some legal documents were thrown in the toilet. When these officers discovered all of the grievance forms that I had previously filed they placed all of the remedy forms on top of my bed along with all of the commissary recipts that I had on a pile on my bed side by side. And then took all of my commissary.

Including stamps and stamped envelopes. The Plaintiff asserts that this could only been done for retaliation for filing the grievance forms because every item that was taken could be accounted for by the recipts that were placed to the grievances. These officers left one beef stick on Plaintiffs desk. On 6-17-2010 while the Plaintiff was going on a visit, the Plaintiff saw Officer Teif and asked him about his commissary. Officer Teif asked the Plaintiff did he know what Officer searched his cell and started laughing. The Plaintiff was very offended at this point because he knew that Officer Teif only asked that question because he knew that the Plaintiff could not identify the Officers. The Plaintiff filed 2 grievances concerning this matter because not only did these officers trash Inmates cell and take their commissary. But they also assaulted a few Inmates In fact a young Inmate by the of Jihad Davis was excessively assualted for just looking at the clock. This inmate had to be taken to an outside hospital. The Plaintiff never received a response from the grievances that he filed in this matter until he submitted a third grievance at which time Lt. Baker responded back to the Plaintiff that Sgt. Jones and Officer Teif denies that any items were taken. The Plaintiff then appealed this decision to the Warden and attached all of his recipts for his commissary.

with a notice stating an appeal to the warden. Lt. Baker answered the appeal stating that he asked Officer Teif and Sgt. Jones again. And that the items may have been consumed. Which is clearly a violation of denying the Plaintiff's rights under the First Amendment rights of access to the courts. The Plaintiff asked Officer Dolan was he in fact delivering his appeals to the proper authority. And asked Officer Dolan why is Lt. Baker answering the grievance forms anyway. When the grievance form states Inmates Problem No. 1 Captains Response No. 2 Appeal to Warden No. 3. Officer Dolan explained to me that the Lt. Baker is now the designated officer to respond to the grievances and that he has the last say so. And that if you wish to appeal his decision you have to write a letter to the warden put it in an envelope and put Appeal to Warden which I have done numerous times. For a change in a procedure of that magnitude where as an inmate has to exhaust his administrative remedies before commencing an action in Federal Court. There is no memorandums posted in any unit as to the change in this program. And new Inmate Rule Handbooks was recently passed out and there is nothing in them in reference to the change of this policy. The Plaintiff has filed numerous appeals to the warden with only one response and that Appeal Response was from Lt. Baker. The Plaintiff then proceeded to let this honorable court

AND THE HONORABLE UNITED STATES MAGISTRATE JUDGE HONORABLE TONIANNE J. BONGIOVANNI AWARE OF THE PLAINTIFF'S CONDITIONS OF CONFINEMENT HERE AT THE MONMOUTH COUNTY JAIL VIA UNITED STATES MAIL DATED JUNE 27, 2010. IN RESPONSE TO MY LETTER THE HONORABLE JUDGE STATED THAT THE COURT WAS IN RECEIPT OF THE PLAINTIFF'S LETTER. HOWEVER BECAUSE THEIR WAS NO CASE PENDING IN THAT COURT AT THAT TIME NO ACTION WOULD BE TAKEN.

18. DEFENDANTS FRASER AND LT. BAKER AND SGT. JONES FAILED TO MAKE OR TAKE CORRECTIVE ACTION CONCERNING THE ALLEGATIONS OF PARAGRAPHS 13 THROUGH 18.

## CLAIMS
### First Cause of Action

A.) 19. THE DEFENDANTS IN PARAGRAPH 13 AND 14 DENIED THE PLAINTIFF DUE PROCESS OF LAW IN VIOLATION OF THE PLAINTIFF'S FIRST, EIGHTH, NINTH AND FOURTEENTH AMENDMENT RIGHTS WHEN THE PLAINTIFF WAS SUBJECT TO HAZARDOUS AND UNHYGENIC LIVING CONDITIONS.

B.) FAILURE OF THE INSTITUTIONAL MEDICAL STAFF TO ADEQUATELY TREAT PLAINTIFF, WAS A CLEAR VIOLATION OF THE PLAINTIFF'S 8th AND 9th AMENDMENT RIGHTS OF CRUEL AND UNUSUAL PUNISHMENT AND RIGHTS TO BASIC NEEDS.

## Second Cause of Action

20. The actions of the Defendant in paragraph 15 denied the Plaintiff his Fourteenth and First Amendment rights to access to the courts when the Plaintiff was denied equal protection to be allowed the time in the law library to work on his case like the other inmates.

## Third Cause of Action

21. The actions of the Defendants in paragraph 16 denied the Plaintiffs of his First and Fourteenth Amendment rights when the Defendants took the Plaintiffs T-Shirt and threw it in the garbage. The Plaintiffs First Amendment rights of Due Process and Freedom of Speech and Association was violated when the Plaintiff told other inmates to file grievances. The Plaintiffs First Amendment rights were violated when the Defendants retaliated against the Plaintiff told other inmates to file grievances. The Plaintiffs Fourth Amendment rights were violated when the Defendants staged a fire drill to conduct an unreasonable search.

## FOURTH CAUSE OF ACTION

The Defendants in paragraph 17 denied the Plaintiff of his First, Eighth, and Fourteenth Amendment Rights of Due Process and Access to the Courts when the defendants search and destroy inmates property and bear names on their clothing and cover their indentity so that they cannot be identified. And the defendants clearly violated the Plaintiffs First Amendment Rights for retaliation when they took the Plaintiffs commissary and placed all of his receipts next to all the grievances that the Plaintiff filed.

## RELIEF

Wherefore Plaintiff request this Honorable Court to grant the following relief.

A. Issue a Declaratory Judgment that the Defendants violated the United States Constitution and State Law when they:

1. Subjected Plaintiff to unsanitary and unhygenic living conditions.

2. Failed to adequately treat Plaintiff once he was diagnosed with Hepatitus-C and asked to be treated.

14.

3. When the Defendants Retaliated against the Plaintiff for telling other Inmates to file Inmate Grievance Forms.

4. When the Defendants Trashed Plaintiffs cell and took all of his commissary including stamps and stamped envelopes. And throwing his legal mail all around the room in Retaliation for filing Grievance Forms.

5. Issue an Immeadate Injunction that when this Special Search Unit is called inside the Jail to conduct a search, that they Bear some kind of name tag or Remove the dark sun visors on their helmets so that they can be Indentified when they search an Inmates cell and takes Inmates Property or Assault Inmates.

B. Grant Compensatory damages in the Amount of:
   1. $100,000.00 Against Defendant Fraser
   2. $100,000.00 Against Defendant K. Baker
   3. $100,000.00 Against Defendant Sgt. Jones
   4. $100,000.00 Against Defendant Officer Teif.
   5. $100,000.00 Against Defendant Officer Hasslebauer
   6. $100,000.00 Against Defendant Officer Berringer
   7. $100,000.00 Against Defendant Dr. Awad
   8. $100,000.00 Against Defendant Officer Pimentel
   9. $10,000.00 Against Defendant Officer Hislip

15.

C. GRANT PUNITIVE DAMAGES OF $50,000.00 AGAINST EACH OF THE DEFENDANTS.

D. GRANT SUCH OTHER RELIEF AS IT MAY APPEAR PLAINTIFF IS ENTITLED.

RESPECTFULLY SUBMITTED

*Eric Potter*
ERIC POTTER PRO SE

ERIC POTTER
M.C.C.I
1 WATERWORKS ROAD
FREEHOLD, N.J.
07728