**NOT FOR PUBLICATION**

RECEIVED

MAY 0 4 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ERIC POTTER,

        Plaintiff,

   v.

WILLIAM J. FRASER, et al.,

        Defendants.

Civil No. 10-4200

**MEMORANDUM OPINION**

IT APPEARING THAT:

1. Eric Potter, a prisoner incarcerated at Monmouth County Correctional Institution ("MCCI"), filed a Complaint (Dkt. 1) for violation of his constitutional rights under 42 U.S.C. § 1983 against William Fraser (Warden of MCCI), Dr. Awad (jail physician), and seven correctional officers at MCCI.

2. This Court construed Plaintiff's Complaint as potentially raising the following claims under § 1983: (A) the conditions of confinement in the booking area and infirmary violated the Due Process Clause of the Fourteenth Amendment; (B) Dr. Awad was deliberately indifferent to Plaintiff's serious medical needs because Dr. Awad did not prescribe medication for drug withdrawal or provide treatment for Hepatitis C; (C) certain jail officials violated his First Amendment right of access to courts by denying him extra time in the law library on May 25, 2010, and throwing his legal papers on the floor during a cell search; (D) defendants deprived him of personal property during a

cell search without due process of law; (E) defendants searched his cell because they believed there were alleged gang members housed on the tier; (F) defendants retaliated against him for filing grievances and encouraging inmates to file grievances by searching his cell, throwing his T-shirt in the garbage, and confiscating his commissary purchases; (G) the Warden and other jail officials violated his First Amendment right to petition the government for redress of grievances by failing to respond to his grievances or to fully outline the administrative remedy procedures. (Dkt. 4.)

3. In an Opinion, this Court dismissed the following claims with prejudice: due process properly claim, Fourth Amendment cell search claim, and First Amendment failure to respond to grievances claim. (Dkt. 4.)

4. This Court dismissed the remaining claims, but granted Plaintiff leave to file an amended complaint curing the defects noted in the Opinion respecting these claims. Id. As to the conditions claim, this Court found that Plaintiff's allegations did not satisfy the objective component because, as written, the Complaint did not show that Plaintiff was subjected to genuine privation and hardship over an extended period of time. As to the medical care claim, this Court found that the facts alleged did not show deliberate indifference, since Dr. Awad did not ignore Plaintiff's drug withdrawal, but placed him in the

infirmary for observation and monitoring, and Dr. Awad did not disregard his Hepatitis C condition, but ordered blood work. Moreover, Plaintiff did not allege facts regarding the condition of his liver and showing that treatment was necessary. As to the access to courts claim, this Court found that Plaintiff failed to show actual injury to a non-frivolous legal claim. As to the retaliation claim, this Court found that Plaintiff failed to allege facts showing adverse action or a causal link.

    5. Plaintiff thereafter filed an Amended Complaint. (Dkt. 7.) The Amended Complaint does not add any additional facts to cure the defects found in the Complaint. Rather, Plaintiff merely repeats the allegations of the Complaint, including facts relating to those claims this Court dismissed with prejudice. Plaintiff does raise a new legal claim, arguing that defendants violated his right to equal protection by "intentionally discriminating against the Plaintiff [in that] he could not be allowed extra time in the law library because he was working on a civil case. When in fact other inmates were being allowed extra time that were also working on civil cases." (Dkt. 7 at 14.) Equal Protection "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" <u>Artway v. Attorney General of New Jersey</u>, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting <u>City of Cleburne v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985)).

To state an equal protection claim, persons must "allege and prove that they received different treatment from other similarly situated individuals or groups." Johnson v. Horn, 150 F.3d 276, 284 (3d Cir. 1998) (citation omitted). Plaintiff's equal protection claim fails because he does not allege facts showing that similarly situated inmates were treated differently. Moreover, denying some inmates extra law library time is rationally related to legitimate government interests in maintaining order and security. See Romer v. Evans, 517 U.S. 620, 631 (1996) ("if a law neither burdens a fundamental right nor targets a suspect class, [the Court] will uphold the legislative classification so long as it bears a rational relation to some legitimate end").

6. As Plaintiff failed to cure the defects in the Complaint or to otherwise state a claim under 42 U.S.C. § 1983, this Court will dismiss the Amended Complaint for failure to state a claim upon which relief may be granted. This Court will not grant leave to amend because further amendment would be futile.

7. An appropriate Order accompanies this Opinion.

_____
U.S. District Judge

Dated: _____May 3_____, 2012